ERNEST COTE, ADMINISTRATOR (ESTATE OF ANGELA COTE) ET AL. *v.* GENE GORDON ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 270356
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed March 19, 1984

*Kuehn, Cavanaugh & Cummings,* for the plaintiffs.

*Halloran, Sage, Phelon & Hagarty,* for the named defendant et al.

*Montstream, Brown & May,* for the defendant Bay State Medical Center.

M. HENNESSEY, J. The plaintiff, husband of the decedent Angela Cote, brings this action individually and as representative of the estate of Angela Cote. The decedent died of self-inflicted injuries in Enfield, Connecticut on April 11, 1980. The defendant, Bay State Medical Center (Bay State), is a Massachusetts corporation operating as a hospital in Springfield, Massachusetts. The plaintiff attempts to predicate liability upon Bay State on a theory of negligent discharge from Bay State. Bay State's motion to dismiss for lack of personal jurisdiction was granted by the court without memorandum after discovery for the purpose of ascertaining jurisdictional facts. A motion to reargue was granted by the court on July 5, 1983. The motion to dismiss is now before the court.

A defendant may assert the court's lack of personal jurisdiction by a motion to dismiss. Practice Book § 142. The assertion of jurisdiction over foreign defendants is contingent upon whether the Connecticut long-arm statute reaches the activity in question. *McFaddin* v. *National Executive Search, Inc.,* 354 F. Sup. 1166, 1168 (D. Conn. 1973). In addition the statutory reach must be consistent with the constitutional minimum contacts test required by due process, enunciated in *International Shoe Co.* v. *Washington,* 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *Lombard Bros., Inc.* v. *General Asset Management Co.,* 190 Conn. 245, 460 A.2d 481 (1983).

Under the minimum contacts test, a foreign defendant's contact with the forum state must be such that it is reasonable to require the defendant to defend there. *International Shoe Co.,* supra, 317. The assertion of jurisdiction must not "offend 'traditional notions of fair play and substantial justice.' " Id., 316; see *Hodge* v. *Hodge,* 178 Conn. 308, 318–19, 422 A.2d 280 (1979). It is essential that in each case there be some act by which the foreign defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law. *Hanson* v. *Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

The plaintiffs urge this court to exert jurisdiction over the foreign defendant pursuant to either General Statutes § 33-411 or § 52-59b. Section 33-411 (c) provides in part: "Every foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising . . . (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business . . . ." Section 52-59b (a) provides that "a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator . . . ." Where a statute is clear on its face, there is no room for construction. *Verrastro* v. *Silvertsen,* 188 Conn. 213, 448 A.2d 1344 (1982). Since § 52-59b clearly does not include in its terms "foreign corporations," jurisdiction over the corporate defendant, if it exists at all, must be predicated upon § 33-411.

When a defendant challenges the court's personal jurisdiction, the burden of proving facts establishing personal jurisdiction, i.e., the requisite minimum contacts, is on the plaintiff. *Lombard Bros., Inc.* v. *General Asset Management Co.,* supra, 250; *Standard Tallow*

*Corporation* v. *Jowdy,* 190 Conn. 48, 53, 459 A.2d 503 (1983). The plaintiff presents the following facts in support of establishing personal jurisdiction over Bay State: the proximity of Bay State to the Connecticut border; the treatment by Bay State of Connecticut residents, and its acceptance of Blue Cross and Blue Shield of Connecticut in payment for that treatment; Bay State's use of Connecticut courts to collect for services rendered; Bay State's listing in the Enfield phone book's yellow pages; Bay State's acceptance of patients transported from Connecticut in its emergency room; the large proportion of calls taken by an Enfield ambulance service which are taken to Bay State; and Bay State's clinical programs for two Connecticut nursing schools. Since 1980, 5 percent of Bay State's patients have been Connecticut residents, and Connecticut residents make up 2½ percent of Bay State's employees.

That a fair number of out-of-state residents utilize a hospital located near a state border does not itself confer jurisdiction over the hospital in an out-of-state forum. *Walters* v. *St. Elizabeth Hospital Medical Center,* 543 F. Sup. 559, 560 (W.D. Pa. 1982). Nor does the fact that hospital employees reside in the foreign state or that staff members are licensed to practice there subject an out-of-state hospital to suit in the foreign state. *Gelineau* v. *New York University Hospital,* 375 F. Sup. 661, 664 (D.N.J. 1974). Solicitation of out-of-state patients through a combined plan of major in-state newspaper advertisements, radio or television spots intended to reach out-of-state patients and referrals from out-of-state medical, university and community organizations has warranted the exercise of jurisdiction over the foreign corporation. *Soares* v. *Roberts,* 417 F. Sup. 304, 307–308 (D.R.I. 1976). Likewise the court in *Braman* v. *Mary Hitchcock Memorial Hospital,* 631 F.2d 6, 9 (2d Cir. 1980), exercised juris-

diction over a New Hampshire hospital where the hospital had a yellow pages listing in Vermont, a third of its patients resided in Vermont, and the hospital had extensive agreements with Vermont hospitals concerning transfer of patients, shared data and clinical education programs. It thus appears that absent an active solicitation or referral service, a yellow pages listing alone does not establish sufficient contact upon which liability may be predicated. See *Woodward* v. *Keenan,* 79 Mich. App. 543, 261 N.W.2d 80 (1977), on appeal after remand, 88 Mich. App. 791, 279 N.W.2d 317 (1979). One court has gone so far as to dismiss an action against an out-of-state hospital where the hospital advertised in local phone directories *and* operated an air-ambulance service, which the plaintiff in fact used, on the ground that no nexus was shown between the hospital's local activity (operation of the ambulance service) and the cause of action alleged by the plaintiff. *Markby* v. *St. Anthony Hospital Systems,* 647 P.2d 1068 (Wyo. 1982). Such a nexus must exist in Connecticut where solicitation is the sole in-state activity alleged. *Air Kaman, Inc.* v. *Penn-Aire Aviation, Inc.,* 542 F. Sup. 2 (D. Conn. 1981).

The plaintiff has not shown that the defendant has solicited business in Connecticut, or if it has, that sufficient contacts exist with the forum state so as to avoid offending traditional notions of fair play and substantial justice. The plaintiff's argument that Bay State would not be inconvenienced by litigating in Connecticut are without merit absent minimal contact with the state. *Hanson* v. *Denckla,* 357 U.S. 235, 251, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). " '[W]hen a client or a patient travels to receive professional services without having been solicited . . . then the client, who originally traveled to seek services apparently not available at home, ought to expect that he will have to travel again if he thereafter complains that the services . . .

were therein rendered improperly. . . . [Any other rule] would have a chilling effect on the availability of professional services to nonresidents.' " *Woodward* v. *Keenan,* supra, 547.

The defendant's motion to dismiss is granted.