[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANTS' MOTION TO DISMISS
I.
The defendant, Panorama Flight Services, Inc. is an out-of-state corporation located at Westchester Airport in New York. The plaintiff claims jurisdiction over the defendant based on General Statutes 33-411(c)(2).
 (c) Every foreign corporation shall be subject to suit in this state — — — whether or not such foreign corporation is transacting or has transacted business in this state — — — on any cause of action arising as follows: — — —
CT Page 1287
 (2) Out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state;. . . .
In his affidavit accompanying his objection to defendant's motion to dismiss, the plaintiff avers that he was looking for a suitable flight school to help in securing an airline transport pilot certificate. He states he consulted the yellow pages of a telephone book of Norwalk and Stamford — Greenwich. He contacted the defendant company and entered into an agreement for flight training with the flight service's chief pilot, Harry Stollman.
The defendant company maintains that a yellow page listing does not constitute solicitation so as to confer personal jurisdiction in Connecticut over a non-resident corporation, citing Cote v. Gordon, 40 Conn. Sup. 15, 19:
 "It thus appears that absent an active solicitation or referral service, a yellow page listing alone does not establish sufficient contact upon which liability may be predicated."
The plaintiff concedes that a single advertisement in the yellow pages may not in and of itself be sufficient minimum contact to confer in personam jurisdiction, but claims, when there is a nexus between the advertisement and the cause of action, due process would be satisfied. Here the plaintiff claims that he saw the defendant's ad and based upon that solicitation contacted the defendant to arrange for flight training.
In Airkaman, Inc. v. Penn-Aire Aviation, Inc.,542 F. Sup. 2 (D.Conn. 1981), Judge Cabranes rejected a claim that advertising in Connecticut media alone is adequate to confer long-arm jurisdiction when there is no claim that a plaintiff knew of the advertising or acted upon it, distinguishing McFadden v. National Executive Search, Inc., 354 F. Sup. 1116
(D.Conn. 1973).
In this case, although plaintiff's brief claims that the plaintiff read the defendant's yellow page ad and contacted defendant's agent based on that ad, neither the complaint nor the plaintiff's affidavit make that assertion. CT Page 1288
The pertinent portion of plaintiff's affidavit reads:
". . . 3. I consulted the yellow pages of the telephone book of Norwalk and Stamford — Greenwich, Connecticut.
4. I contacted Panorama Flight Services, Inc. on June 26, 1989. I was referred to Henry Stollman, Panorama Flight Service's Chief Pilot. I was told by the switchboard operator."
Thus, the affidavit does not aver that the plaintiff read any ad by the defendant in the yellow pages; nor that the plaintiff learned of the existence of the defendant and its services as a result of the ad; nor that as a result of the ad, the plaintiff contacted the defendant.
Such facts might find support, in part, for the plaintiff's contention in the McFaddin case.
In that case, the defendant was in the business of franchising executive employment search companies. It ran advertisement in the New York Times. As a result of reading an ad, the plaintiff contacted the defendant company. The defendant then introduced the plaintiff to a franchisee, whose franchise the plaintiff then contracted to purchase.
In McFaddin, Judge Newman, determined that the cause of action arose out of business solicited in this state, since but for the solicitation performed in Connecticut through ads offering franchises by the defendant franchisor and the plaintiff's response to it, there would never have been a franchise agreement between the parties and thus no claim of any sort. So. McFaddins claim clearly rose out of being solicited by the defendant.
However, there were two other factors in the McFaddin case not present here caused Judge Newman to find that the claim of Connecticut jurisdiction did not exceed the requirements of due process.
First, to comply with the "repeatedly so solicited" requirement of 33-411(c)(2), it was found that the defendant had run soliciting ads at least six times during a six month period. Here, there is only the claim of a single ad in the yellow pages.
Also, Judge Newman saw no violation of due process limits because the defendant had one franchise in Connecticut, ran twice weekly, ads for employment opportunities in publications with readerships in Connecticut, and the franchise agreement CT Page 1289 was prepared and negotiated in part in Connecticut.
These additional contacts within Connecticut are absent here.
This court, therefore, concludes that a single "yellow pages" advertisement, even if acted upon by the plaintiff, is insufficient to afford in personam jurisdiction under General Statutes, 33-411(c)(2) over this foreign corporation.
 II.
The individual defendant Misericordia has moved to dismiss. There are no allegations in the complaint which justify jurisdiction over this non-resident defendant under the long-arm statute applicable to individuals, General Statutes 52-59b(a). No affidavit warranting a finding of jurisdiction has been filed. the attempted service upon this defendant is defective. This defendant's motion to dismiss is granted.
 III.
The defendant's motion to dismiss for lack of in personam jurisdiction is granted.
NIGRO, JUDGE