[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS BY THE THIRD PARTYDEFENDANT LILA KNECHT (DOCKET ENTRY NO. 128)
Lila Knecht, the present wife of the defendant joined as a third party defendant, has moved to dismiss the action as to her, claiming that the court lacks personal jurisdiction.
On May 14, 1999, this court granted the plaintiff's motion to cite in the defendant, Lila Knecht, as an additional party to this action. Lila Knecht was summoned to appear on July 15, 1999, to explain why the plaintiff's request should not be granted. The court found that the defendant, Lila Knecht, lives out of state in Wellington, Florida and ordered that the plaintiff give notice by mailing a true and attested copy of the motion and order for hearing by certified mail, personal return receipt requested. Such notice was mailed on June 30, 1999, and on July 12 the sheriff filed his supplementary return with a signed receipt dated July 6, 1999. On August 5, 1999, the defendant, Lila Knecht, filed her motion to dismiss claiming that the court lacks jurisdiction over her person.
The parties' marriage was dissolved on December 21, 1988. An agreement was entered into by the parties in open court, approved by the court, and incorporated by reference in the decree. The parties subsequently reduced this agreement to writing dated CT Page 13321 January 18, 1989, and this writing is attached to the judgment file. Paragraph 1 of the agreement provided as follows:
 "Theodore P. Knecht will irrevocably assign insurance policies with Great American to Clarice M. Knecht for her life, which policies will produce for her monthly by way of alimony the sum of $4,333.33 or $52,000 per year."
Subsequently, the defendant filed a motion for modification and the decree was modified on January 18, 1996, by substituting the following paragraph for the deleted paragraph (1) recited above:
 "With respect to the defendant's life insurance and/or annuity policies with Great American Life Insurance Company of Cincinnati, Ohio, the defendant, acting individually on his own or through a third party under a Power of Attorney, shall have the right to suspend said policies (or otherwise withdraw funds therefrom in any manner acceptable to Great American Life Insurance Company) and the proceeds resulting from such surrender or withdrawal shall be sent to the defendant's current wife, Lila Knecht, at such time and to such address as she shall specify from time to time, to be held in trust by her and to be used by her to pay to the plaintiff the periodic alimony accruing in favor of the plaintiff under the terms of said judgment (as the same now exists or hereafter modified)."
The modified judgment stated further as follows:
 "The modification of said judgment as hereinafter set forth shall be without prejudice to either party's right to seek enforcement of or modification of the alimony obligation owing to the plaintiff under said judgment. It is the intention of the parties to assist the defendant in making his alimony payments to the plaintiff in a timely fashion. The parties' entering into this stipulation shall not in any way be construed as a substantive modification of the defendant's alimony obligations under said Judgment."
Subsequent to this modification, the plaintiff filed a motion for contempt alleging Lila Knecht had failed to make the alimony payments as provided in the modifying judgment. Lila Knecht paid the sums owed to the plaintiff in June, 1998. CT Page 13322
In January, 1999, the defendant filed a motion to modify alimony and a motion to appoint a guardian ad litem for the defendant. Neither of these motions have been heard. The plaintiff thereafter filed a motion for contempt dated February 10, 1999. That motion alleges that the defendant has not made alimony payments for the period June, 1998 to the present. Subsequently, the plaintiff filed the immediate motion to cite in Lila Knecht as a party defendant.
As noted in the modification entered on January 18, 1996, Lila Knecht is the present wife of the defendant, Theodore P. Knecht. She resides in the family home in Wellington, Florida. Following such modification, she has taken no action to make herself a party to this proceeding, to cause the modified judgment to be further modified to delete her name as trustee, nor to cause the modified judgment to be further modified.
The defendant, Lila Knecht, in her brief has cited the case of Knipple v. Viking Communications, Inc., 236 Conn. 602, 606-607
(1996); and Cote v. Gordon, 40 Conn. Sup. 15 (1984), requiring the plaintiff to establish that service meets the requirements of Connecticut's long arm statute, § 52-59b(a) of the General Statutes. This section of the statutes provides in pertinent part as follows:
 "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . ., who in person or through an agent: (1) transacts any business within the state."
The question, then, is whether the defendant, Lila Knecht, has transacted business within the State of Connecticut. Such a challenge to or exercise of personal jurisdiction of the court over a nonresident involves a two part inquiry: (1) whether the applicable state's long arm statute authorizes the assertion of jurisdiction over the defendant; and (2), if the statutory requirements are met, whether the exercise of in personam
jurisdiction would violate constitutional principles of due process. Gaudio v. Gaudio, 23 Conn. App. 287, 298 (1990).
In determining whether the defendant has transacted business within the state, the court does not follow a rigid formula. The court balances considerations of public policy, common sense chronology and geography of the relevant factors. Zartolas v.CT Page 13323Nisenfeld, 184 Conn. 471, 477 (1981). Inasmuch as Lila Knecht permitted her name as trustee to be submitted by her husband in the modification of judgment dated January 18, 1996, took no action thereafter to remove her name from that modification, and subsequently in June, 1998, paid an arrearage; the court finds that the defendant Lila P. Knecht did transact business in the State of Connecticut sufficient to meet this requirement of §52-59b.
The defendant has been sued in her representative capacity as a trustee of the funds of her husband, the defendant. As such, her position is not unlike that of a trustee who may be sued in a civil action in a representative capacity pursuant to the provisions of § 52-61 of the General Statutes which allows for civil process against said trustee to be left with the Judge of Probate. See Wehrhane v. Peyton, 134 Conn. 486 (1948).
The second part of the inquiry, then, is whether the exercise of jurisdiction over the defendant, Lila Knecht, will violate due process. As has been said by our Appellate Court:
 "The twin touchstones of due process analysis under the minimal contacts doctrine are foreseeability and fairness. `The foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'"
Hart, Nininger and Campbell Associates, Inc. v. Rogers,16 Conn. App. 619, 625-626 (1988).
Clearly, the defendant, Lila Knecht, could anticipate being brought into court in Connecticut if the alimony payments were not made by her pursuant to the modified judgment. By the terms of that modified judgment, she was to receive, as trustee, the sums coming from the Great American Life Insurance policies and pay them directly to the plaintiff. Failure to do so on her part would clearly result in some form of action for her failure to follow the terms of the modified decree.
The defendant, Lila Knecht, was served in accordance with Judge Frankel's order. There is personal jurisdiction over Lila Knecht as trustee.
For the foregoing reasons, third party defendant Lila CT Page 13324 Knecht's Motion to Dismiss is denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE